# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
### LONDON DIVISION

IN RE:

**BUDD AND SHIRLEY GARDSTEIN**                                   **CASE NO. 10-61356**

**DEBTORS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Renewed Motion for Relief from Stay [Doc. 105]

filed by Creditor Flagstar Bank, FSB ("Flagstar").  Flagstar argues that it is entitled to relief from

stay pursuant to 11 U.S.C. § 362(d)(1) to enforce its interest against collateral of the Debtors

because the Debtors are not current on their post-petition mortgage payments and Flagstar is not

adequately protected.  The Debtors object [Doc. 106] and argue that they are current on all post-

petition payments.  For the foregoing reasons, the Court finds that that the Debtors owe a post-

petition arrearage of $3,375.57 to Flagstar and shall have 14 days to modify their chapter 13 plan

to address the arrearage or relief from stay will be granted.

### Facts

The Debtors filed for chapter 13 bankruptcy protection on August 27, 2010.  On Schedule

A, the Debtors list real estate located at 132 Bill Karr Road, Lily, Kentucky (the "Real

Property"), with a value of $85,000.00, secured by a claim of $139,506.16.  On Schedule D,

ABC Mortgage and Financial Services, Inc. is scheduled as having a mortgage on the Real

Property securing a claim of $131,541.82, of which $46,541.82 is unsecured.

On October 20, 2010, Flagstar filed a proof of claim (POC #7-1) for $72,882.63 in

unpaid principal and interest, and $10,815.45 in pre-petition arrearage, secured by a Mortgage on

1

the Debtor's Real Property.  The claim has been amended twice.  Flagstar's current proof of

claim (POC #7-3) seeks recovery of $72,882.64 of unpaid principal and interest, and $12,005.68

in pre-petition arrearage, less a credit of $2,472.90.  Attached to the proof of claim are: (1) a

Note, with a specific endorsement to Flagstar from the prior mortgage holder, ABC Mortgage

and Financial Services, Inc.; and (2) a properly recorded Mortgage on the Debtors' Real

Property.

A chapter 13 plan was confirmed on March 23, 2011 [Doc. 50].  The plan originally did

not provide for payments to Flagstar inside the plan, but an agreed order [Doc. 43] entered on

February 8, 2011, resolving a dispute as to the allowance of Flagstar's pre-petition arrearage

claim, included payment of the arrearage inside the plan.

On August 9, 2011, the Creditor filed a notice of payment change [Doc. 53].  The notice

provided that the Debtor's monthly mortgage payments would decrease from $726.97 to $713.38

based on an escrow adjustment.

Approximately a year later, on July 3, 2012, Flagstar moved for relief from stay [Doc.

55].  Flagstar argues that the Debtors have no equity in the Real Property and are in default for

the January 1 through June 1, 2012, post-petition payments in the amount of $713.38, including

late charges of $400.20, for a total delinquency of $4,680.48, leaving Flagstar without adequate

protection.  The Debtors object [Doc. 56] and argue that they are current on all payments.  The

matter was set for evidentiary hearing [Doc. 68].

The evidentiary hearing was delayed for several months as the parties sought to resolve

their differences.  Although the parties reported to the Court that a resolution had been reached,

on February 17, 2013, Flagstar renewed its Motion for Relief [Doc. 105].  Flagstar argues that

even if the Debtors made every payment for which the Debtors have produced a receipt, the post-

2

petition arrearage would still be $3,413.90 as of February 11, 2013.  The Debtors' object [Doc. 106] and reiterate that they are current on all payments.  The Debtors' further moved for a ruling based on the evidence filed in the record in lieu of an evidentiary hearing [Doc. 107].

The Court held a hearing on the renewed Motion for Relief on May 22, 2013 [Doc. 109] and the Debtors' Motion to submit the matter on the record [Doc. 110].  The parties orally confirmed that they wished the matter to be determined on the record and neither party objected to the evidence filed.  The Court subsequently ordered the parties to submit additional briefing on the issue.  The parties timely filed supplemental briefs [Docs. 111 & 112] and raised no further objections to the evidence.  The matter is now submitted and ripe for determination.

### Discussion

Flagstar seeks relief from stay for "cause" and argues that there is no dispute that the Debtors are in arrears; the only issue is the amount.  The Court agrees and finds that because the Debtors owe an arrearage of $3,375.57, the stay should be lifted, but only after an opportunity to try to cure the arrearage through a plan modification.

The stay may be lifted if the movant can show cause, including the lack of adequate protection of an interest in property of such party in interest.  11 U.S.C. § 362(d)(1).  Flagstar, having moved for relief from stay, bears the burden of establishing that cause exists, while the Debtors bear the ultimate burden on all other issues except for those relating to equity in their property.  11 U.S.C. § 362(g).  *See also In re Holly's, Inc*., 140 B.R. 643, 683 (Bankr. W.D. Mich. 1992) (quoting *Sonnax Indus., Inc., v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1281 (2d Cir. 1990)).

In support of its Motion, Flagstar filed an affidavit of an employee familiar with its record of payments received by the Debtors and records in support.  Flagstar's records show that

3

from September 2010 until August 2011, the monthly mortgage payments were $726.97. With the exception of a payment of $2,100.00 in April 2011, the Debtors made regular monthly payments of $700.00 during this time period, which is insufficient to satisfy their monthly mortgage payment. When the monthly mortgage payment decreased to $713.38 starting in September 2011, the Debtors continued to make payments of $700.00 per month until October 2012, at which time they increased their payments to approximately $726.00 per month. According to Flagstar's records, the Debtors ultimately paid a total of $20,329.05 to Flagstar from September 2010 through May 2013 (including the $2,100.00 payment), but the monthly contract payments total $23,704.62, leaving the Debtors' short $3,375.57.

In opposition, the Debtors filed the affidavit of Budd Gardstein wherein he testified that all post-petition mortgage payments were paid by money order. The Debtors attach Western Union receipts showing the money order payments made by Mr. Gardstein to Flagstar. Pending the evidentiary hearing, the Debtors also filed notices of mortgage payments to Flagstar for the months during which Flagstar's Motion was pending.

The Debtors make no argument and do not cite to any evidence that contests Flagstar's contention that there is no equity in the Real Property. This is likely because Flagstar's contention that there is no equity in the Real Property is buttressed by the Debtors' schedules, which show that the Real Property is severely over-encumbered.

A comparison of the receipts submitted by the Debtors and Flagstar's records show that Flagstar has accounted for every receipt submitted by the Debtors in its records with two exceptions. The Debtors rely on what they represent to be proof of two payments of $495.00 made in September 2010. The receipts do not reflect payment of $495.00. Rather, one receipt demonstrates an attempted payment of $495.00 to Flagstar on September 3, 2010, and the other

4

receipt shows a refund of the same amount on September 23, 2010.  Similarly, the Debtors rely

on two receipts that purportedly show two payments of $494.58 made in January 2011.  Again,

these receipts are evidence of a payment of $494.58 and a subsequent refund.  With the

exception of these two instances, the Debtors' records coincide with Flagstar's records and its

conclusions.

     As neither party objected to the admission of the proof in the record, the evidence is

admitted.  The proof shows that the Debtors owe Flagstar a post-petition arrearage that is

sufficient to establish cause for granting relief from stay.

**Conclusion**

     The Court having considered the parties' affidavits and evidence, arguments of counsel,

and the record, finds that the Debtors owe a post-petition arrearage of $3,375.57 to Flagstar,

thereby creating sufficient cause for stay relief pursuant to § 362(d)(1).  For this reason,

     It is ORDERED that the Debtors shall have 14 days from the date of this order to file an

amended plan to address the $3,375.57 arrearage or Flagstar's Motion for Relief from Stay [Doc.

105] will be GRANTED.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.*



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Friday, June 28, 2013
(grs)**